# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY WILLIAMS,** | : | **CIVIL NO. 1:CV-12-2334** |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| | : | |
| **SCRANTON POLICE DEPT., et al.,** | : | |
| Defendants | : | |

## MEMORANDUM

Gary Williams, a pre-trial detainee confined at the Lackawanna County Prison, Pennsylvania, filed the above matter on November 21, 2012. Although he captions the matter as a civil rights complaint pursuant to 42 U.S.C. § 1983, the matter appears to be a combined civil rights action pursuant to § 1983 and a habeas corpus petition pursuant to 28 U.S.C. § 2254. Williams seeks leave to proceed in forma pauperis in this case. For the reasons that follow, the pending motions to proceed in forma pauperis (Doc. Nos. 2, 6) will be construed to be motions to proceed without full prepayment of the filing fee, and will be granted. The civil rights portion of the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The request for habeas corpus relief will be dismissed without prejudice.

**I.   Background**

Throughout his filing, Williams challenges the basis for his arrest. He claims that he was arrested solely on the word of an incompetent witness who had mental infirmities and who was coerced by the Scranton Police Department and employees thereof into submitting a false statement against him. He further maintains that the authorities failed to collect any physical evidence against him and had no probable cause to arrest him. He also challenges the bail imposed against him as "excessively high." (Doc. 1 at 1.) Based on the foregoing, he seeks

habeas corpus relief, as well as an award of monetary damages.

II.   **Discussion**

   A.   **Habeas corpus claims**

In giving the habeas corpus petition preliminary consideration, the Court will dismiss this action without prejudice due to ongoing state court criminal proceedings in Williams' criminal case. See R. Governing § 2254 Cases R. 4 (stating "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner"). A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993).

Pursuant to 28 U.S.C. § 2254, a person in state custody may file an application for a writ of habeas corpus challenging the fact or length of his or her confinement. However, this section specifically provides that the person must be in custody pursuant to the judgment of a State court. See 28 U.S.C. § 2254(a). It is apparent from Williams' filing that he has not yet been tried or convicted on the criminal charges he faces in Lackawanna County, and thus, he is not yet in custody pursuant to the judgment of a state court.

Notwithstanding this deficiency, generally, federal courts must adjudicate all cases and controversies that are properly before them. New Orleans Pub. Serv., Inc. v. Counsel of City of New Orleans, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." Heritage Farms, Inc. v Solebury

2

Twp., 671 F.2d 743, 746 (3d Cir.1982). In Younger v. Harris, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." Yi Yang v. Tsui, 416 F.3d 199, 202 (3d Cir. 2005)(discussing Younger, 401 U.S. 37 (1971)). The Younger Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." Younger, 401 U.S. at 43. Younger abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010)(quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005)).

Notably, even when all requirements are met, abstention is not appropriate when the following extraordinary circumstances exist: "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute . . . ." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be narrowly construed. Loftus v. Twp. of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa 1991).

It is clear that Williams is involved in ongoing criminal proceedings which implicate important state interests. There is no indication that he has taken advantage of the state court proceedings available to him to pursue the issues raised in the instant petition such as by seeking relief in the Court of Common Pleas or an appeal to the Pennsylvania Superior Court from any denial of relief. Because it is possible that there is relief available at the state court level, there is an absence of extraordinary circumstances that would warrant our intervention in this matter.

Thus, out of deference to the state judicial process, it is appropriate to abstain from entertaining the petition. Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992). Based on the foregoing, the petition will be dismissed without prejudice.

**B.     Civil Rights Claims**

To the extent Williams seeks monetary damages via a § 1983 civil rights action based upon the foregoing claims, the Court finds that his claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). 28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.)    Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted . . . ." Section 1915(e)(2)(B)(ii) provides this ground for summary dismissal of a complaint (before service) - - failure to state a claim under Rule 12(b)(6) principles. A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Under Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor. See Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). "The assumption of truth does not apply, however, to legal conclusions

4

couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Marangos v. Swett, No. 08-4146, 2009 WL 1803264 (3d Cir. June 25, 2009)(citing Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949-50 (2009). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain enough "facts to state a claim to relief that is plausible on its face" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 570 (2007), and the factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citations omitted); accord Iqbal, 129 S. Ct. at 1953. The facts plead must offer more "than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., 120 S. Ct. at 1949 (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). Further, a district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

In the instant case, the claims set forth by Williams are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court stated as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing relationship to a conviction or sentence that has not been so

5

invalidated is not cognizable under § 1983.

Id. at 486-87. Importantly, the Heck bar applies whether a plaintiff is still a pre-trial detainee or whether he has already been convicted of the charges for which he is currently incarcerated. Smith v. Holtz, 87 F.3d 108, 113 (3d Ci. 1996)("In terms of the conflicts which Heck sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some pont thereafter. Because of these concerns, we hold that a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983.")(Emphasis in original.)

With this said, it is clear that if Plaintiff were successful on the claims set forth in the complaint challenging his arrest and detention, then these claims would necessarily imply the invalidity of a conviction on the pending criminal charge. For these reasons, his claims are barred pursuant to Heck and dismissed without prejudice. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY WILLIAMS, | : | CIVIL NO. 1:CV-12-2334 |
|     Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| | : | |
| SCRANTON POLICE DEPT., et al., | : | |
|     Defendants | | |

## ORDER

**NOW, THIS 1st DAY OF MARCH, 2013,** in accordance with the attached Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's motions to proceed in forma pauperis (Doc. Nos. 2, 6) are construed to be motions to proceed without full pre-payment of the filing fee and are **granted**.

2. This action is construed to be a combined civil rights action pursuant to 42 U.S.C. § 1983 and a habeas corpus petition pursuant to 28 U.S.C. § 2254.

3. The habeas corpus claims are **dismissed without prejudice**.

4. The civil rights claims are **dismissed without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

5. The Clerk of Court is directed to **close this case**.

6. Any appeal from this order will be deemed frivolous, lacking in probable cause and not taken in good faith.


                                                               S/ Yvette Kane
                                                               YVETTE KANE, Chief Judge
                                                               Middle District of Pennsylvania